IN RE the MARRIAGE OF:
Patricia J. SANDY, Petitioner-Appellant-Petitioner,

v.

William J. SANDY, Jr., Respondent.

Supreme Court

*No. 81–873. Argued November 1, 1982.—
Decided November 30, 1982.*

(Also reported in 326 N.W.2d 761.)

For the appellant-petitioner there was a brief (in court of appeals) by *Terry Rose* and *Rose & Rose*, Kenosha, and oral argument by *Terry Rose*.

For the respondent there was a brief (in court of appeals) by *Wilbur W. Warren, III* and *Madrigrano, Warren, Bastian & Gagiardi, S.C.*, Kenosha, and oral argument by *Wilbur W. Warren, III*.

STEINMETZ, J.  The issue is whether during the pendency of a divorce action the family court commissioner and the trial judge have authority to evict a spouse from the homestead of the parties where there is no actual or threatened physical violence between them. The circuit court for Kenosha county, Honorable Robert V. Baker, held that a family court commissioner and the trial judge do have such authority when the order to vacate is issued after notice and a hearing. The court of appeals affirmed.

We affirm the court of appeals decision published at 106 Wis. 2d 230, 316 N.W.2d 164 (Ct. App. 1982). The family court commissioner's order in this case was entered after a contested hearing and was therefore within the commissioner's authority.

This court was advised at oral argument that the divorce between these parties was granted on December 9, 1981. The court of appeals decision was issued on January 27, 1982. We accepted the petition for review. Under the circumstances of this case, the issue between these parties is moot. There are exceptions to the gen-

eral rule that moot issues will not be decided by this court. One of those exceptions is where the issue is likely to arise again and should be resolved by the court to avoid uncertainty. *Fine v. Elections Board,* 95 Wis. 2d 162, 289 N.W.2d 823 (1980). This is an issue with state-wide interest regarding the jurisdiction of family court commissioners, trial judges and the interpretation of family law statutes. It is also one "capable of repetition, yet evading review," since the appellate process often takes longer than divorce proceedings. *So. Pac. Terminal Co. v. Int. Comm. Comm.,* 219 U.S. 498, 515 (1911). We therefore have chosen to decide the case on its merits even though the divorce has been granted, accompanied by a property settlement and a child custody determination.

The opinion of the court of appeals is thorough and analytically correct, and we adopt it in its entirety as the opinion of this court.

*By the Court.*—The decision of the court of appeals is affirmed.